IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMUN HONDO EL, ) | CASE NO. 1:10CV2593 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DETECTIVE GLOVER, *et al.*, ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Amun Hondo El brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Detective Glover, ATF Agent Hall and Officer Smith. He alleges that, on February 6, 2008, police officers used excessive force when arresting him. As a result, he was allegedly seriously injured. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2).[1]

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] The Court's docket shows that Mario Herring is also a Plaintiff. There is nothing in the Complaint showing arrest and injury to two individuals. Further, the finance statement attached to the Motion to Proceed *In Forma Pauperis* from the prison where Plaintiff is located is in Herring's name. Therefore, the Court concludes that Hondo El and Herring are one and the same.

Even assuming Plaintiff had a cause of action under the Fourth and Fourteenth Amendments, it is apparent on the face of the Complaint that the statute of limitations for bringing a § 1983 claim expired before Plaintiff filed this action. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995). This action was filed on November 1, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia County*, 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte); Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 2/15/11  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE